UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GARY HARRIS                     Plaintiff,                          **ECF CASE**

-against-

                                                                     **TRIAL BY JURY**
                                                                     **DEMANDED**
THE CITY OF NEW YORK (CITY); THE NEW
YORK CITY POLICE DEPARTMENT (NYPD);                                  CIVIL NO.
Individually and in his official capacity as then
NEW YORK CITY POLICE OFFICER –
POLICE OFFICER SEAN JOHNSTONE

                                Defendants.
-----------------------------------------------------------X

Plaintiff GARY HARRIS by and through his attorney, Rudy Velez, Esq., respectfully shows to this court and alleges, as follows:

### INTRODUCTION

1. This is a civil rights action in which the plaintiff, GARY HARRIS seeks relief for the defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983 and the Fourth and fourteenth Amendments of the New York State Constitution and Constitution of the United States.

2. Plaintiff seeks money damages, attorney's fees and such further relief as this Court deems just and proper.

3. This action has been commenced within three years after plaintiff's claim arose by reason of the termination of the criminal prosecution in favor of the plaintiff.

### JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. §1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

5. Jurisdiction is founded upon 28 U.S.C. §1331,1343 (1-4) and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

## JURY DEMAND

7. Plaintiff demands trial by jury in this action.

## PARTIES

8. Plaintiff GARY HARRIS (HARRIS) is an American Citizen residing in Bronx, New York. He has not been convicted of any crime since his release from custody after serving his sentence for the conviction described in this complaint. He is gainfully employed as a forklift operator in the Bronx N.Y.

9. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of the police officer named as a defendant I this action.

10. Defendant NEW YORK CITY POLICE DEPARTMENT (NYPD) is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

11. At all times relevant herein, defendant POLICE OFFICER SEAN JOHNSTONE (JOHNSTONE) was a Police Officer of the NYPD, acting as an agent, servant and employee of defendant CITY and in furtherance of the scope of his employment and acting under color of the law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY and/or the Police Department.

12. At all times relevant herein, defendant SEAN JOHNSTONE, was a police officer employed by the NYPD.

13. SEAN JOHNSTONE was fired from NYPD after his felony conviction in January, 2011 for conspiracy to steal drugs from suspects and give the dope to snitches. He resigned from the NYPD.

14. At all times relevant herein, defendant JOHNSTONE was acting as agent, servant and employee of defendant City of New York.

15. At all times relevant herein, the defendant was all acting under color of state law.

### FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

16. On December 2, 2006, at approximately 12:05 P.M. plaintiff was in a bodega located in the vicinity of Surf Ave, and West 22 street Brooklyn, NY when he allegedly engaged in the sale of a quantity of crack cocaine. He was arrested and taken to Brooklyn Central booking.

17. These charges were entirely fabricated. Plaintiff did not sell narcotics.

18. In his sworn Criminal Court Complaint defendant JOHNSTONE claimed, that plaintiff handed him crack cocaine in return for money from JOHNSTONE.

19. This sworn statement was entirely fabricated. Plaintiff did not engage in any transaction with JOHNSTONE.

20. Once JOHNSTONE was convicted for conspiracy, plaintiff's conviction was vacated with the consent of the Kings County District Attorney's office. On October 12, 2022,

other convictions from cases in which JOHNSTONE had participated were also vacated on or about that date.

21. According to a New York Times article of November 17, 2022, the Kings County District Attorney's office consented to the vacatur of numerous convictions that had relied upon 13 former police officers who had subsequently been convicted of crimes. Forty-seven of the cases including plaintiff's, were felonies.

22. On October 12, 2022 HARRIS'S criminal court counsel moved to vacate HARRIS'S conviction pursuant to a writ of error coram nobis.

23. According to the same article, in 2021 and 022 a total of 876 convictions –250 in the Bronx, 188 in Manhattan, 378 in Brooklyn, and 60 in Queens—were vacated upon consent of the District Attorneys because the convictions depended on the word of NYPD officers who had been convicted of crimes or otherwise discredited.

24. While in state prison plaintiff was attacked and physically assaulted by other inmates. He was severely traumatized and suffered severe physical and emotional harm.

25. The acts complained of herein, and the vacatur of 876 convictions referenced in par. are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officers and supervisory officers.

26. The failure of the City of New York and the NYPD properly to select, train, supervise, promote and discipline police officer and supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

27. The official policies, practices and customs of the City of New York and the NYPD, alleged herein violated plaintiff's rights guaranteed by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

28. The conduct towards plaintiff alleged in this Second Claim for Relief subjected plaintiff to trauma, shock, debasement, shame, fright, fear, humiliation, embarrassment, loss of freedom, harassment, and physical, psychological and emotional injury, trauma, pain, suffering.

29. The Supreme Court of New York, County of Kings ordered that HARRIS' judgement of conviction be vacated on October 12, 2022. In addition, on this same date, it was further ordered that HARRIS' indictment be dismissed with prejudice.

## CAUSES OF ACTION

## COUNT ONE

### 42 U.S.C. § 1921. 1983 Fourth and Fourteenth
### Violations: Malicious Prosecution

30. The plaintiff incorporates by reference the allegations set forth in all proceeding paragraphs 1 through 29 as if fully set forth herein.

31. On or about December 12, 2006 the defendants initiated a criminal proceeding against the plaintiff by misrepresenting and falsifying evidence in criminal court brought by and signed by then P.O. JOHNSTONE. P.O. JOHNSTONE continued his lies in the grand jury in order to secure an indictment.

32. P.O. JOHNSTONE was the primary witness and there was no other independent evidence to support his claims.

33. Plaintiff states that then P.O. JOHNSTONE did not make a complete and full statement of facts. P.O. JOHNSTONE misrepresented and falsified evidence that created a falsehood in signing the felony complaint and P.O. JOHNSTONE'S lies were material for a finding of probable cause.

34. In commencing and continuing the prosecution of plaintiff, defendants caused plaintiff to be falsely charged with acts in violation of the Penal law of the State of New York.

35. Plaintiff had not given defendant CITY, its agents, servants or employees, including then P.O. JOHNSTONE probable cause to believe that plaintiff had committed the falsely charged illegal acts.

36. The defendants acted with malice because then P.O. did not arrest plaintiff with the desire to see the ends of justice served but rather with a false motive of planting and fabricating evidence.

37. As a result of the false evidence provided by defendants, plaintiff was forced under threat of issuance of a warrant to defend against false charges.

38. Plaintiff ultimately was deprived of his liberty by serving 9 months, incarceration.

39. The conduct of the defendants was the direct and proximate cause of plaintiff's loss of liberty for 9 months and violated plaintiff's statutory rights guaranteed by the laws and Constitution of New York and the United States.

40. On October 12, 2022, plaintiff's conviction as vacated and the indictment dismissed with prejudice pursuant to an order of the Supreme Court, of the State of New York.

## COUNT TWO

## 42 U.S.C.§1981, 1983 AND THE FOURTEENTH AMENDMENT VIOLATIONS FOR FABRICATED EVIDENCE

41. Plaintiff repeats and reiterated the allegations contained in paragraphs "1" through "40" of the complaint as if fully set forth herein.

42. On or about December 2, 2006 in the County of Kings, New York, HARRIS was unlawfully detained, arrested, imprisoned by agents, servants and/or employees of defendant, CITY including P.O. JOHNSTONE,

43. That the aforesaid and imprisonment was malicious, unlawful, and not based upon a warrant, probable cause, and or any justification but based on fabricated – evidence.

44. That defendant CITY, through its agents, servants and/or employees, including police defendants, P.O. JOHNSTONE acted in bad faith and without probable cause in committing the aforesaid arrest and imprisonment of HARRIS. The undercover official, Police JOHNSTONE fabricated information, to wit he lied about his participation a sale of methadone that he did give HARRIS money, in exchange for a QUANTITY OF CRACK COCAINE.

45. That the aforesaid arrest and imprisonment was made with fabricated evidence as sworn to in the criminal complaint. The information JOHNSTONE forwarded to prosecutors formed the basis for HARRIS' prosecution and HARRIS became aware that this fabricated evidence if believed would likely influence a jury's verdict and convict HARRIS.

46. The aforesaid fabrication of evidence caused HARRIS to suffer a deprivation of his liberty for 9 months.

47. By reason of the foregoing, the defendants became liable to HARRIS in a sum of money which exceeds the jurisdiction limits of all courts of lesser jurisdiction.

## COUNT THREE
## MUNICIPAL LIABILITY FOR
## CONSTITUTIONAL VIOLATIONS: MONELL CLAIM

48. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs "1" through 47" of this complaint.

49. Prior to December 2, defendant CITY developed and maintained polices and customs which caused the deprivation of plaintiff's Constitutional rights.

50. Prior to December 2, 2006, the responsible policy making officials of defendant CITY knew, or in the exercise of reasonable care should have known, that individual police officers of the CITY had engaged in a pattern and practice of Illegal and unconstitutional conduct, including performing false arrests, malicious prosecutions and unconstitutional searches on arrestees. Specifically, defendants CITY knew or should have known that defendants P.O. JOHNSTONE and other Brooklyn police officers had falsely arrested and/or unlawfully searched numerous other people, often resulting in tainted prosecutions.

51. Despite knowledge of the aforesaid, patter and practice, defendant CITY failed to properly investigate this conduct, and failed to supervise, train and discipline the officers of the New York City Police Department.

52. Defendant CITY adopted a "hands off" policy of custom with regard to such illegal and unconstitutional acts committed by police officers, which encouraged the

individual defendants int his case to believe that they could violate the constitutional rights of the plaintiff with impunity and with the explicit or tacit approval of defendant CITY, in violation of 42 U.S.C. § 1983.

53. As a result of the foregoing, plaintiff sustained the damages and injuries previously described, and seeks compensatory damages from the City of New York.

## DAMAGES

54. As a direct and proximate result of the said acts of the defendant, GARY HARRIS suffered the following injuries and damages:

   a. Violation of his rights under the Fourth and Fourteen Amendments to the Constitution:
   b. Loss of physical liberty due to incarceration:
   c. Further restriction on his liberty due to forced court appearance:
   d. Humiliation, embarrassment, injury to reputation, physical abuse;
   e. Extreme emotional distress;
   f. Severe disruption of family.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

   1. Award compensatory damages in an amount to be determine by the Court.
   2. Award attorneys' fees as fair and reasonable compensation for services rendered in connection with this action;
   3. For such other and further relief as to this Court may deem just and proper.

_Rudy Velez_ (signature)

RUDY VELEZ/ RV7160
930 Grand Concourse suite 1A
Bronx, New York 10451
(917) 674-0573
rvesq@yahoo.com

Dated: June 3, 2024
Bronx, New York